## Drew v. Board of Drainage Com's of McCracken County et al.

(Decided May 15, 1936.)

O. H. BROOKS for appellant.

A. E. BOYD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

P. M. Drew sought to prevent his ejectment from a certain tract of 31.4 acres of land and to quash a writ of possession. He was unsuccessful and has appealed.

### History.

On March 23, 1916, a proceeding was begun under chapter 132, Acts 1912, section 2380, Ky. Stats. in Mc-Cracken county, Ky., for the establishment of a public ditch. While these proceedings were pending, the necessary steps were taken as required by section 2380b-54, Ky. Stats. (Acts 1918, c. 64, sec. 54), and the project was continued and completed under the provisions of chapter 64 of Acts 1918, section 2380b-1, etc., Ky. Stats., and assessments were levied upon 31.4 acres of land belonging to P. M. Drew. The name of the district so established is Mayfield Drainage District No. 1, and the appellee board has charge of its affairs. By the provisions of section 2380b-29, Ky. Stats. (Acts 1918, c. 64, sec. 29) these assessments are made liens upon the land.

### The First Suit.

On June 4, 1934, the appellee board filed a suit in equity in the Graves circuit court against P. M. Drew (unmarried) and A. C. Ray, an alleged mortgagee of this 31.4 acres. In this suit appellee alleged that under the judgment of the McCracken county court in establishing said drainage district, the aforesaid tract of land was assessed for drainage purposes for the year 1922 up to and including the year 1947; that the de-

fendant, P. M. Drew, paid the taxes so assessed against said property up to and including the year 1925, but has failed and refused to pay the taxes due from and including 1926 up to and including 1933, and the taxes so assessed against the aforementioned tract of land for the years 1926 to 1933, inclusive, are all now past due and unpaid, and there has accrued certain penalties and interest thereon which makes the total amount now past due and delinquent on said tract under and by reason of the drainage assessment against the above-mentioned tract of land of $784.01, and same should bear interest at 6 per cent. per annum from the first day of January, 1934; that for the years 1927 and 1928 the defendant, P. M. Drew, failed and refused to pay the taxes so assessed against said property, and the sheriff of Graves county, Ky., for each of said years made a sale of said property; that same was bid in for this plaintiff at said sheriff's sale, and said defendant failed and refused to redeem said property, and the sheriff of Graves county, Ky., executed to this plaintiff a deed for said property under date of August 10, 1931.

Appellee prayed that it be adjudged a first and superior drainage tax lien against the above-described tract of land for the sum of $784.01 with interest from the first day of January, 1934; that said property be sold free from the lien of past-due and delinquent taxes, and free from any lien, right, claim, or interest held by the defendant, A. C. Ray, but subject to the future assessments against said property as set out.

Both Drew and Ray were served with process June 8, 1934. Neither answered, and on June 29, 1934, judgment was entered as prayed. On July 16, 1934, the property was sold to appellee for more than two-thirds of the appraisement. The sale was reported in November, 1934, was laid over three days for exceptions, none were filed, sale was confirmed, deed made to purchaser, and writ of possession directed to issue January 1, 1936.

### The Second Suit.

Drew then awoke, and on January 14, 1936, filed a suit in equity attacking everything done in the first suit as void and seeking the relief stated in the outset hereof. This relief was properly denied him, the appellee had pursued in the first suit a remedy expressly

provided by the latter part of section 2380b-30, Ky. Stats. (Acts 1918, c. 64, sec. 30). The court in the first action had jurisdiction of the parties and subject-matter, and its judgment has never been directly attacked.

Judgment affirmed.